UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Kar'Seem Hardaway, | ) | C/A No. 2:25-cv-01531-BHH-MHC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Detective Daniel Wilson, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This a civil action filed by Plaintiff Kar'Seem Hardaway, a state prisoner who is proceeding pro se. Under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.

In an Order dated May 29, 2025, Plaintiff was notified of pleading deficiencies and given the opportunity to amend his Complaint. *See* ECF No. 5. He filed an Amended Complaint on June 26, 2025.[1] ECF No. 9.

I.      **BACKGROUND**

Plaintiff is an inmate at the Lee Correctional Institution of the South Carolina Department of Corrections (SCDC). Records from SCDC and Charleston County indicate that Plaintiff was found guilty (jury trial) of murder and possession of a weapon during a violent crime on March 28, 2024. He is serving sentences of forty years' imprisonment for his conviction of murder (case number 2021A1010900367, indictment number 24-GS-1000589) and five years' imprisonment for his conviction of possession of a weapon during a violent crime (case number

---

[1] Plaintiff initially filed an unsigned Amended Complaint. An Order directing Plaintiff to sign the Amended Complaint was entered on June 27, 2025, and he filed a signed copy of his Amended Complaint on July 17, 2025. *See* ECF Nos. 9, 10.

2021A1010900368, indictment number 2024GS1000590). The arrest dates of both charges is listed as September 8, 2021. *See* SCDC Incarcerated Inmate Search, http://public.doc.state.sc.us/scdc-public/ [Search Inmate "Karseem Hardaway"] (last visited Aug. 6, 2025); Charleston County Public Index, https://jcmsweb.charlestoncounty.org/PublicIndex/PISearch.aspx [search case numbers listed above] (last visited Aug. 6, 2025).[2]

Defendant is Detective Daniel Wilson of the North Charleston Police Department. Plaintiff brings a claim under 42 U.S.C. § 1983 for an alleged violation of his Fourth Amendment rights. He claims that Defendant, while investigating a murder, violated his Fourth Amendment rights to be free from unreasonable searches and seizures. ECF No. 9 at 2-4.

As to the facts underlying his claim, Plaintiff wrote:

> Det. Wilson provided magistrate with false information. Which forced the illegal seizure/detention. Police arrest/search warrants do not provide information which justifies the arrest/search of me. Information in this warrant(s)

ECF No. 9 at 5 (errors in original). Plaintiff lists his injuries as "Illegal Detention[.]" As relief, he requests compensatory damages, punitive damages, and lost wages. *Id.* at 6.

## II.     STANDARD OF REVIEW

A *pro se* Complaint is reviewed pursuant to the procedural provisions of 28 U.S.C. § 1915, the Prison Litigation Reform Act, Pub. L. No. 104–134, 110 Stat. 1321 (1996), and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992), *Neitzke v. Williams*, 490 U.S. 319 (1989), *Haines v. Kerner*, 404 U.S. 519 (1972), and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir.

---

[2] This court may take judicial notice of factual information located in postings on government websites. *See Tisdale v. South Carolina Highway Patrol*, No. 0:09–1009–HFF–PJG, 2009 WL 1491409, at *1 n. 1 (D.S.C. May 27, 2009), *aff'd*, 347 F. App'x 965 (4th Cir. 2009); *In re Katrina Canal Breaches Consol. Litig.*, No. 05–4182, 2008 WL 4185869, at * 2 (E.D. La. Sept. 8, 2008) (noting that courts may take judicial notice of governmental websites including other courts' records).

1983). *Pro se* complaints are held to a less stringent standard than those drafted by attorneys, and a court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016). However, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

### III. DISCUSSION

It is recommended that this action be summarily dismissed for the reasons discussed below.

A.     Failure to State a Claim

This action is subject to summary dismissal because Plaintiff fails to state a claim against Defendant. His pleadings fail to provide any specific facts to support a claim that Defendant violated his federal constitutional or statutory rights. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (requiring, to avoid dismissal, "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests'" (quoting Fed. R. Civ. P. 8(a)(2))). Although the "liberal pleading requirements" of Rule 8(a) only require a "short and plain" statement of the claim, a plaintiff must "offer more detail ... than the bald statement that he has a valid claim of some type against the defendant." *Trulock v. Freeh*, 275 F.3d 391, 405 (4th Cir. 2001) (internal citations omitted); *see also White v. White*, 886 F.2d 721, 723 (4th Cir. 1989) (district court did not abuse discretion by dismissing plaintiff's complaint which "failed to contain any factual allegations tending to support his bare assertion").

To state a claim for false arrest under § 1983, a plaintiff must demonstrate that he was arrested without probable cause. *Sowers v. City of Charlotte*, 659 F. App'x 738, 739 (4th Cir. 2016). Here, Plaintiff has not stated when he was allegedly arrested, does not identify the arrest charges, does not state who allegedly arrested him, and does not plead what false factual basis was allegedly relied on to seek charges against him. Additionally, Plaintiff has alleged no facts regarding any search and has alleged no facts to indicate that any search was unreasonable. Plaintiff fails to state a claim upon which relief can be granted.

Moreover, to the extent Plaintiff is attempting to allege that his arrest on the charges of murder and unlawful possession of a weapon during a violent crime lacked probable cause, his claims fail because Charleston County records indicate that both charges were true bill indicted (indictment numbers 2024GS10000589 and 2024GS10000590) on February 12, 2024. An indictment, fair upon its face, returned by a properly constituted grand jury, conclusively determines the existence of probable cause." *Durham v. Horner*, 690 F.3d 183, 189 (4th Cir. 2012) (internal quotation marks omitted); *see also Provet v. South Carolina*, No. 6:07-1094-GRA-WMC, 2007 WL 1847849, at *5 (D.S.C. June 25, 2007) (finding that § 1983 claims of false arrest and malicious prosecution were precluded because of the issuance of an indictment). Here, the indictments that the grand jury returned indicate there was probable cause to arrest Plaintiff. *See Durham*, 690 F.3d at 189. Additionally, because Plaintiff has not alleged facts to establish a lack of probable cause as to his arrest, he also has not alleged facts to indicate that any search incident to the arrest[3] was unreasonable. *See United States v. Currence*, 446 F.3d 554, 556 (4th Cir. 2006) (holding that "when law enforcement officers have probable cause to make a lawful custodial

---

[3] Plaintiff appears to admit that any search was incident to a warrant. However, even if it was not, one of the traditional exceptions to the requirement of a search warrant is a "search incident to a lawful arrest." *United States v. Robinson*, 414 U.S. 218, 224 (1973).

4

arrest, they may — incident to that arrest and without a warrant — search the arrestee's person and the area within his immediate control.") (internal quotations omitted) (citations omitted); *see also Michigan v. DeFillippo*, 443 U.S. 31, 35 (1979) ("The fact of a lawful arrest, standing alone, authorizes a search").

If Plaintiff, instead, is attempting to allege a claim of malicious prosecution as to his convictions for murder and/or possession of a weapon during a violent crime, such claims are also subject to summary dismissal. To state a Fourth Amendment claim under § 1983 for malicious prosecution, Plaintiff must allege that: (1) the defendant seized him pursuant to legal process (e.g., a warrant) not supported by probable cause and (2) the criminal proceedings have terminated in his favor. *Smith v. Munday*, 848 F.3d 248, 253 (4th Cir. 2017); *see Thompson v. Clark*, 596 U.S. 36, 39 (2022) (explaining the favorable termination element requires a plaintiff to "show that the criminal prosecution ended without a conviction"). Plaintiff has not alleged that the criminal proceedings terminated in his favor and thus cannot establish a claim for malicious prosecution.

B.     Statute of Limitations

To the extent Plaintiff is alleging claims concerning his arrest in September 2021 on charges of murder and possession of a weapon during a violent crime, his claims are also subject to summary dismissal because these claims are barred by the applicable statute of limitations. For a § 1983 claim arising in South Carolina, the applicable statute of limitations is three years. *See Owens v. Okure*, 488 U.S. 235 (1989); *Owens v. Baltimore City State's Attorney Office*, 767 F.3d 379, 388 (4th Cir. 2014) ("[T]o determine the timely filing of a § 1983 claim, courts borrow the statute of limitations from the most analogous state-law cause of action. For § 1983 suits, that cause of action is a personal-injury suit.") (internal citations omitted); *Brannon v. Blanton*, No. 9:15-2434-CMC, 2016 WL 4232886, at *2 (D.S.C. Aug. 11, 2016) ("[T]he statute of limitations

5

for § 1983 claims arising in South Carolina is three years, regardless of the underlying allegations of the § 1983 claim.").

"A § 1983 cause of action accrues when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951, 955 (4th Cir. 1995); *see also Wallace v. Kato*, 549 U.S. 384 (2007) (providing that the accrual date of a § 1983 cause of action is a question of federal law).[4] The statute of limitations for an arrestee's § 1983 false arrest or false imprisonment claim begins to run at the time of arrest. *Wallace v. Kato*, 549 U.S. at 389 ("[T]he statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process"). A claim for unlawful search and seizure accrues on the date the search occurred. *See Smith v. Travelpiece*, 31 F.4th 878, 887 (4th Cir. 2022). Here, it appears that Plaintiff was arrested on charges of murder and possession of a weapon during a violent crime in September 2021. However, Plaintiff did not file this action until March 10, 2025, more than three years after any cause of action as to his alleged false arrest and any alleged unreasonable search accrued.

---

[4] While the statute of limitations is an affirmative defense that is subject to waiver if not timely raised in a responsive pleading (*see* Fed. R. Civ. P. 8(c)), the court is authorized to anticipate clearly apparent affirmative defenses available to defendants in determining whether, under § 1915, process should be issued. *Todd v. Baskerville*, 712 F.2d at 74; *see also Duncan v. West Virginia*, 597 F. Supp. 1195, 1196 (S.D.W. Va. 1984) ("Although some of the matters discussed constitute defenses, where the complaint on its face raises obvious and complete affirmative defenses, the Court may consider these defenses in ruling under 28 U.S.C. § 1915(d) [that a] complaint [is] frivolous.") (citation omitted). "A federal court may sua sponte dismiss a complaint as barred by the statute of limitations on initial review pursuant to 28 U.S.C. § 1915 [.]" *Harriot v. United States*, 795 F. App'x. 215, 216 (4th Cir. 2020).

## IV. RECOMMENDATION

Based on the foregoing, it is recommended that the Court dismiss this action without prejudice, without further leave to amend,[5] and without issuance and service of process.

**Plaintiff's attention is directed to the important notice on the following page.**

Molly H. Cherry
United States Magistrate Judge

August 8, 2025
Charleston, South Carolina

---

[5] *See Britt v. DeJoy*, 45 F.4th 790 (4th Cir. 2022) (noting that "when a district court dismisses a complaint or all claims without providing leave to amend ... the order dismissing the complaint is final and appealable").

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).